IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

|  |  |  |
|---|---|---|
| ARTHUR C. LEWIS, <br> ADC #66947 <br>    Plaintiff <br><br> VS. <br><br> MARGARET JACKS, Supervisor, <br> Cummins Unit, Arkansas Department of <br> Correction and MARIE LINZY, <br> Manager, Cummins Unit, Arkansas <br> Department of Correction <br><br>    Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | NO: 5:03CV00223  SWW |

**ORDER**

Plaintiff, a prisoner at the Maximum Security Unit ("MSU") of the Arkansas Department of Correction ("ADC"), brings this lawsuit pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, and Plaintiff filed a response in objection to the motion. United States Magistrate Judge Henry L. Jones, Jr. has submitted proposed findings and recommendations, granting in part and denying in part Defendants' motion. The Court has carefully reviewed the record, the proposed findings and recommendations, as well as Defendants' objections. For the reasons that follow, the Court concludes that Defendants' motion for summary judgment should be granted in its entirety.

**I**.

Summary judgment is appropriate when "the pleadings, depositions, answers to

1

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).  The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).

## II.

During the events at issue in this case Plaintiff, who is black, worked as a seamster in the garment factory at the MSU.  Defendant Jacks, an ADC employee, worked as a garment factory supervisor.  Plaintiff claims that on May 24, 2000,  Jacks ordered him and two other black inmates to "shut up", but she said nothing to white inmates who were, at the time, talking to Jacks.  Plaintiff acknowledges that he is unable to identify the white workers who were talking to Jacks.

Plaintiff filed a grievance against Jacks for ordering him to shut up, claiming that she discriminated against him because of his race.  According to Plaintiff, after he filed the grievance, Jacks retaliated against him by increasing his work duties.  Specifically, he charges that Jacks made him sew pockets on the right side of garments with no assistance, but she assigned three workers to sew pockets on the left side.   Plaintiff alleges that he complained to

Defendant Linzy, Lewis' supervisor, that he was being overworked and treated unfairly, but she took no action in response to his complaint.

Plaintiff seeks $200,000 in compensatory damages plus punitive damages, claiming that Jacks violated his Fourteenth Amendment rights to equal protection and due process and retaliated against him for filing an administrative grievance. Plaintiff also sues Linzy, alleging that she failed to respond to his complaints about Jacks.

United States Magistrate Judge Henry L. Jones, Jr. has submitted proposed findings and recommendations, recommending that the Court grant Defendants' motion only with respect to Plaintiff's due process claim.

## III.

Defendants argue that no genuine issues for trial exist with respect to Plaintiff's equal protection and retaliation claims. For the reasons that follow, the Court agrees.

Equal Protection

To prevail with an equal protection claim, a plaintiff must show, at a minimum, that he was treated differently than similarly situated inmates. *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994). The "similarly situated" inquiry focuses on whether the plaintiff was similarly situated to another group in every relevant respect, taking into account the challenged government action. In an effort to make this showing, Plaintiff claims that Jacks treated him differently than similarly situated inmates by (1) telling him to "shut up" while allowing white inmates to talk to her and (2) giving him three times more work than other inmates.

It is undisputed that when Jacks ordered Plaintiff to be quiet, prison rules prohibited

inmates from making excessive noise in the garment factory.  Plaintiff does not claim that he and the unidentified white inmates who were talking to Jacks produced the same level of noise.  Additionally, the fact that the white inmates were talking to Jacks, not fraternizing with each other, clearly distinguishes their conduct from his.   Plaintiff  cannot show that the white inmates were similarly situated to him in all relevant respects.

As for Plaintiff's claim that he was forced to perform more work than other inmates, Defendants have presented undisputed evidence that Plaintiff was never required to perform more work than other inmates.  During her deposition, Defendant Linzy testified that garment factory workers are only required to put forth an effort and have no prescribed amount of work that must be performed.  Docket entry #65, Ex. 3, at 16.  She stated that Plaintiff was a very fast worker, by choice, and he could have slowed his work and produced less with no fear of discipline or adverse action.  *Id*.  Plaintiff gave similar testimony during his deposition.  He testified that the manager of the garment factory, Ms. Green, told him "Lewis, just do what you can and don't worry about it."  Docket entry #65, at 18.

<u>Retaliation</u>

To succeed with his retaliation claim, Plaintiff must show that (1) he engaged in protected conduct; (2) Defendants took adverse action against him that would deter a person of ordinary firmness from continuing to engage in the protected conduct; and (3) the adverse action was motivated, at least in part, by his exercise of protected conduct.  *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Plaintiff claims that Jacks took adverse action against him by forcing him to sew right pockets on garments while assigning three workers to sew left pockets.   As explained above, it

is undisputed that Plaintiff was a productive, fast worker by choice, and he was not required to keep up with other workers.  Plaintiff may have been operating under a self-imposed production quota, but he cannot show that Jacks took adverse action against him by pressuring or requiring him to perform more work than other inmates.  Accordingly, Plaintiff's retaliation claim will be dismissed.

## IV.

For the reasons stated, the Court adopts the findings and recommended disposition submitted by Magistrate Judge Henry L. Jones, Jr. to the extent that they recommend dismissing Plaintiff's due process claim.  However, the Court finds that Defendants' motion for summary judgment (docket entry #64) should be, and it is hereby, GRANTED in its entirety.  Pursuant to the judgment entered together with this order, this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 23rd DAY OF FEBRUARY, 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE